BLANCHE DAVIS, Appellant, v. BENJAMIN LEAVIN, Respondent.

First Department, February 3, 1933.

*Morris Streicker* of counsel [*Feldman & Streicker*, attorneys], for the appellant.

*Meyer Levy*, for the respondent.

PER CURIAM. The payee brings this action against the maker of a renewal promissory note. The original and each renewal were ninety-day notes. The notes incorporated the terms of a written agreement which stated, among other things, that the time of payment of the notes was to be extended from time to time and the payee would not demand payment thereof. But " in no event shall the time of payment * * * be extended beyond the date of the last payment to be made by the Board of Transportation on the 207th Street Subway Yards job hereinbefore mentioned."

The action was dismissed as prematurely brought because the plaintiff failed to show that the last payment had been made by the board of transportation as provided in the agreement. At the trial certain testimony was excluded over objection. Plaintiff's

attorney stated to the court concerning this testimony as follows: " The purpose of it is to show that he [the defendant] abandoned the work, that he no longer has any interest in the work, that he was put off the job and discharged from there and that some financing company has undertaken to finish the work."

It was error to exclude such testimony since, clearly, the action was not prematurely brought if defendant had disabled himself from ever receiving a final payment from the board of transportation.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — FINCH, P. J., MERRELL, O'MALLEY, SHERMAN and TOWNLEY, JJ.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.